

LEE M. TESSER +×
STEVEN COHEN*°
STEPHEN PAUL WINKLES*
ROBERT E. BENNETT+
FRANCIS A. KIRK*
GINA A. MAKOUJY, LL.M.+
DANIELLE E. COHEN*
MATTHEW LAKIND*
STEVEN T. KEPPLER+

NEW YORK OFFICE
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005-2205
(212) 226-1900
FACSIMILE: (201) 343-0885

* NY and NJ Bar
+ NJ Bar
× Mass. Bar
° Rule 1:40 Qualified Mediator

**946 MAIN STREET
HACKENSACK, NEW JERSEY 07601**

(201) 343-1100
FACSIMILE: (201) 343-0885
WRITER'S E-MAIL: LTESSER@TESSERCOHEN.COM
WWW.TESSERCOHEN.COM

March 11, 2025

VIA E-FILING

Hon. Brian Martinotti, USDJ
Federal District Court of New Jersey
4th & Cooper Streets
Camden, NJ 08101

      **Re:    Dobco, Inc. v. Mast Construction Services, Inc. and Ted Domuracki et al.
           2:25-cv-00754**

<u>**Pre-Motion Letter Requesting a Conference and Leave to File a Motion to Dismiss under FRPC
12(b)(6)**</u>

Dear Judge Martinotti:

    This office represents Mast Construction Services, Inc. and Ted Domuracki (collectively, the "Mast Defendants"). The Mast Defendants request that Your Honor schedule a pre-motion conference and grant the Mast Defendants leave to file a motion to dismiss under <u>FRPC</u> 12(b)(6).

    Plaintiff, Dobco, Inc.'s ("Dobco") Complaint against the Mast Defendants is premised on a claim of civil conspiracy to retaliate under 42 <u>U.S.C.</u> 1983 ("Section 1983"). It must be dismissed because Dobco has not alleged that it suffered a deprivation of any constitutional right, and it has not alleged any facts that would tend to support a claim of conspiracy to deprive constitutional rights (that being the Petitions Clause of the First Amendment). Dobco is distorting Section 1983 to claim that the defendants conspired to reject its contractual claims for increased construction project costs, in retaliation for Dobco filing a bid protest litigation over 3 years earlier.

    Dobco has not alleged that it has been prevented or deterred from exercising its First Amendment rights under the Petitions clause. <u>Rezem Family Associates, LP v. Borough of Millstone</u>, 423 N.J. Super. 103, 114 (App. Div. 2011). Dobco entered into its public works contract with the Union County

**TESSER & COHEN**

3/11/2025
Page 2 of 3

Improvement Authority ("UCIA") roughly 3 years <u>after</u> Dobco filed its bid protest litigation. The sole goal of that bid protest litigation was for Dobco to obtain an award of the subject public contract, which it did. Despite this, Dobco contends that over 3 years later the UCIA conspired with the Mast Defendants to reject Dobco's contractual claims in retaliation for Dobco's filing of the bid protest litigation. Dobco's complaint stems entirely from contractual claims for delay damages, non-payment, and increased project costs. These are typical construction contract claims that do not implicate the United States Constitution or any other Federal right. To allow this type of retaliation claim to proceed would frustrate the public policy underlying Section 1983 and the government's ability to function. <u>Borough of Duryea v. Guarnieri</u>, 564 U.S. 379, 390-391, 131 S. Ct. 2488 (2011). The Supreme Court has held that the First Amendment "does not empower public employees to constitutionalize the employee grievance." <u>Spinks v. Township of Clinton</u>, 402 N.J. Super. 465, 478 (App. Div. 2008) <u>citing</u> <u>Garcetti v. Ceballos</u>, 547 U.S. 410, 420 (2006). It cannot be used "to transform everyday employment disputes into matters for constitutional litigation in the federal courts." <u>Guarnieri</u>, supra. at 399. Since no deprivation of constitutional right is claimed, the complaint must be dismissed. <u>White v. Wireman</u>, 2017 U.S. Dist. LEXIS 76818, *16, 2017 WL 2215277; <u>Casey v. Lewis</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

In addition to the fact that Dobco's complaint does not allege that it was deprived of any constitutional right, the Courts have made clear that Dobco's underlying bid protest litigation was a matter of purely private concern, solely implicating Dobco's finances and its desire to obtain a public works contract. Since Dobco's bid protest litigation did not involve a matter of public concern, it cannot form the basis of a Section 1983 retaliation claim. <u>D & D Assocs. v. Bd. of Educ.</u>, 2012 U.S. Dist. LEXIS 44887, *70.

Dobco has also failed to allege any causal nexus between the alleged retaliatory conduct of the Mast Defendants and a deprivation of a constitutional right. <u>Kneipp by Cusack v. Tedder</u>, 95 F.3d 1199, 1213, (3rd Cir. 1996). Dobco's claims that the Mast Defendants conspired with the UCIA to mis-administer a construction contract, reject claims without the contractually required review, or withholding of monies allegedly due under that contract, are not in any way connected to Dobco's allegation that it successfully prosecuted a bid protest litigation over 3 years later. <u>White v. Wireman</u>, 2017 U.S. Dist. LEXIS 76818, *14, 2017 WL 2215277; <u>Shellenberger v. Summit Bancorp.</u> 318 F.3d 183 (3rd Cir. 2003). The timing of the alleged retaliation, in comparison to the act that allegedly spawned the retaliation (that

being Dobco's bid protest litigation over 3 years prior) is justification enough to dismiss the complaint for lack of causation. White, supra. at 14.

Dobco has also failed to plead facts necessary to support a claim of civil conspiracy. Dobco has not alleged the particulars of any conspiracy, such as when it was made, who was specifically involved, the timing of the conspiracy, or the purpose of said conspiracy. Piskanin v. Hammer, 2005 U.S. Dist. LEXIS 28135, *11-12, 2005 WL 3071760 citing Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000). And there are no specific allegations against any Mast Defendant that could be considered "retaliatory" in nature. Instead, the complaint is full of assumptions and speculation, and core factual allegations are premised "upon information and belief." To that end, the law does not permit a claim of civil conspiracy to interfere with a contract based on the usage of a "policy" or "custom" as alleged by Dobco. Speedwell, LLC v. Town of Morristown, 2023 U.S. Dist. LEXIS 31257, *22, 2023 WL 2207588; Mabey Bridge & Shore, Inc. v. Schoch, 666 F.3d 862, 874 (3d Cir. 2012). Thus, Dobco's claim of civil conspiracy against the Mast Defendants must be dismissed as a matter of law because there is no recognized cause of action for civil conspiracy to interfere with a contract.

Finally, Dobco's complaint is premature. It has a contract with the UCIA that governs dispute resolution, and calls for mandatory mediation, among other dispute resolution procedures. Dobco must first comply with the dispute resolution procedures of its contract with the UCIA before it can bring this Section 1983 lawsuit. If the dispute resolution process reveals that the UCIA was justified in rejecting Dobco's contract claims, or the claims are resolved, Dobco's Section 1983 claims will be moot.

In sum, Dobco's complaint is filled with speculations and assumptions, but it has not alleged the facts necessary to proceed on a Section 1983 claim. Dobco has not alleged that it was deprived of any constitutional right. It has not alleged a causal connection between any retaliatory acts of the defendants and the deprivation of a constitutional right. It has not alleged or put forth any facts to show that its underlying bid protest litigation was a matter of public, not private concern, and thus it is not afforded protections under Section 1983. And Dobco has not alleged any facts that would allow it to proceed on a claim of civil conspiracy against the Mast Defendants.

For all these reasons, Dobco's complaint should be dismissed, and the Mast Defendants request a conference and leave to file a motion to dismiss.

Sincerely,

/s/ Matthew Lakind

Matthew Lakind
CC:  All Counsel via E-Filing