

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

**Michael Freeman, Esq.**
Partner
Member of NJ & NY Bar
MFreeman@genovaburns.com
Direct Dial:  973.230.2096

March 12, 2025

**VIA CM/ECF**
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 01
Newark, New Jersey 07101

> **Re:    Dobco Inc. v. The Union Co. Improvement Auth. et al.**
> **Civil Action No.:25-cv-00754 (BRM)(JBC)**

Dear Judge Martinotti:

This firm represents Defendants The County of Union ("Union County") and Edward Oatman ("Oatman") (collectively "The County Defendants") and submit this letter to request a pre-motion conference and to request leave to file a motion to dismiss, pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), with respect to both of plaintiff's claims.

In its Complaint, Plaintiff sets forth two claims wherein it alleges that the County Defendants and the co-defendants retaliated and conspired against it by delaying and ultimately denying a claim for payment under an agreement for the construction of the new Union County government complex.  Plaintiff's claims are deficient for numerous dispositive reasons and must be dismissed or, in the alternative, stayed to allow mandatory contractual mediation to be held in the sequence and timetable provided for in the parties' agreement.

First, Plaintiff's claims are derived from an agreement between Plaintiff and co-defendant Union County Improvement Authority ("UCIA") for the construction of a new county building in Elizabeth, New Jersey.  That agreement contains an explicit and mandatory alternative dispute process, in this case mandatory mediation, for all disputes which must be completed before any party can commence litigation relating to a claim under the agreement.  This mediation process is two steps.  First, Plaintiff must formally submit a claim for payment, which is then reviewed by the UCIA.  If the UCIA denies the claim, Plaintiff then has the option of proceeding to step two, which is mandatory, non-binding mediation.  The contract explicitly states that no litigation can be brought until the mediation is complete.



Plaintiff admits to the existence of the mandatory mediation process, alleging that "[p]ursuant to the Contract, all 'Claims' are required to [be] processed through a two (2) step process." Complaint, ¶131. Plaintiff also alleges that it submitted, and the UCIA denied, one of its claims, thus completing step one for that claim. Complaint, ¶156.

Plaintiff has the option of pursuing step two of the mediation process, but the agreement provides that step two can commence only "after issuance of a Certificate of Occupancy or Certificate of Acceptance for this Project", which has not yet taken place. Until step two of the mediation is completed, the agreement bars Plaintiff from commencing litigation relating to the agreement. The agreement could not be clearer: "Completion of the two (2) steps of Claims review is mandatory prerequisite to the initiation of litigation by either Party." *See* Agreement, §19.4.

Explicit and mandatory alternative dispute provisions are valid, routine and enforced by the courts. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Hirsch v. Amper Fin. Servs., LLC*, 215 N.J. 174, 186 (2013) (finding that there is a strong preference to enforce arbitration agreements at both the state and federal level). Because Plaintiff fails to allege that step two of the mediation process has been completed – indeed, Plaintiff does not even allege that it has commenced – Plaintiff's Complaint is premature and must be dismissed or stayed to allow the mediation process to go forward and be completed once the Certificate of Occupancy is obtained for the complex.

Second, even if Plaintiff could pursue litigation at this time, its claims must be dismissed for failure to state a claim for relief. Plaintiff's civil rights retaliation claim is deficient because it cannot establish any of the elements. To prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must prove that "(1) [it] engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." *Lyak v. City of Hackensack*, 2025 U.S. Dist. LEXIS 39866, *11 (D. N.J. 2025). Plaintiff did not make any statement on a matter of public concern, but rather only filed two state court litigations in furtherance of its own economic interests. Moreover, Dobco was dismissed as a party well before the final decisions in both litigations. There is also no plausible casual link between the alleged speech and any retaliatory action, as Plaintiff only cites a purported breach of contract more than three years after the filing of its litigations as the retaliatory conduct.

Third, Plaintiff failed to set forth a claim for relief because it has not yet incurred any damages. Dobco has not alleged that it completed the mandatory mediation process for this claim, so therefore payment for that claim cannot be due and owing under the agreement. *See TransUnion LLC*, 594 U.S. at 417 (explaining that a litigation cannot proceed where a "plaintiff has not suffered



Honorable Brian R. Martinotti
March 12, 2025
Page 3

any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts.").

Fourth, Plaintiff fails to cite any custom and policy of the County, which is needed to pursue a civil rights claim against it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff alleges that the denial of its claim under the construction contract, and the County's and UCIA's purported refusal to cooperate with Dobco under that contract, constitutes a custom and policy. But to constitute a custom and policy, there must be more than just an isolated incident involving Plaintiff. Rather, Plaintiff must allege that a given course of conduct by a public entity is so well-settled and permanent as virtually to constitute law. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247 (3d Cir. 2007); *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019). That is not alleged here.

Finally, Plaintiff's civil rights conspiracy claim is deficient because it is too vague and lacking in details. To properly assert such a claim, Plaintiff must specifically identify the details of the purported conspiracy, including when the parties purportedly reached an agreement to conspire and the specific actions of each party. These details are not set forth in the Complaint.

For the foregoing reasons, the County Defendants request leave to file a motion to dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**GENOVA BURNS LLC**

*/s/ Michael Freeman*
MICHAEL FREEMAN

MHF:wjw
c:    All counsel (via ECF)
      Angelo J. Genova, Esq.
17730865v1 (851.011)