

Louis N. Rainone
Craig J. Coughlin*
David L. Minchello
Ronald H. Gordon
Carol A. Berlen
John F. Gillick
Brian P. Trelease*
Claudia Marchese
Matthew R. Tavares*
Sapana Shah*∆
Michael R. Burns ✦
Christopher D. Zingaro
John P. Harrington
Harlynne A. Lack*

Marguerite Schaffer
        Of Counsel

Frank J. Dyevoich*
Lonnie J. Hinton, Jr.,
    Aaron L. Rainone
    Michael M. Wuest*
    Scott A. Aitken, Jr.
    Allan C. Zhang*
    Zurab Maisuradze
    Alexander Avellan
    Sarah Fitzpatrick
    Raymond Stine
Xiaosong "Larry" Li

*  Also admitted in New York
∆ Also admitted in DC
✦ Also admitted in Pennsylvania

mtavares@NJRCMLAW.com

555 US Highway One South, Suite 440
Iselin, New Jersey 08830
732-709-4182 (P)
732-791-1555 (F)

150 Morristown Road, Suite 105
Bernardsville, NJ 07924
908-953-9300 (P)
908-953-2969 (f)

**Please Respond to the Iselin Office**

March 12, 2025

<u>**VIA CM/ECF**</u>
Honorable Brian R. Martinotti, US.D.J.
United States District Court - District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 01
Newark, New Jersey 07101

   RE: **Dobco, Inc. v. Union County Improvement Authority, et al.**
     **Civil Action No.: 2:25-cv-00754**

Dear Judge Martinotti:

   This office represents the interests of the Defendants, Union County Improvement Authority and Bibi Taylor (collectively "UCIA Defendants") in the above referenced matter. In accordance with Your Honor's judicial preferences, the UCIA Defendants submit the within as a request for a pre-motion conference in advance of the UCIA Defendants motion to dismiss Dobco's Complaint pursuant to *F.R.C.P.* 12 (b)(1) and (b)(6).

   Dobco is the contractor responsible for the construction the new Union County Government Complex ("Project") located in Elizabeth, New Jersey. On February 23, 2024, Dobco and UCIA entered into an agreement ("Contract") for the construction of the Project. Over three years prior to the award of the Contract, Dobco and a taxpayer, Jose Jiminez, Jr., filed separate, but nearly identical lawsuits against the UCIA and the County of Union ("Union") alleging that the procurement process violated the LPCL ("Union Action"). Concurrently, Dobco and another taxpayer/vice president of Dobco, Hossam Ibrahim, filed separate, but nearly identical lawsuits against the Bergen County Improvement Authority ("BCIA") and County of Bergen for similar alleged violations of the LPCL ("Bergen Action"). In each instance, Dobco submitted bids and participated in the procurement process and sought the benefit of gaining the contract.

383811v1

Following a dismissal at the trial court level in the Bergen Action, Dobco and Ibrahim appealed to the New Jersey Appellate Division for injunctive relief and to overturn the decision of the lower court. Importantly, Dobco was dismissed in the trial court level because it was estopped from complaining about the process it participated in. While the Appellate Division found that the BCIA's procurement process violated the LPCL, it notably affirmed the dismissal of Dobco. *Dobco, Inc. v. Bergen County Improvement Authority.*, 468 N.J.Super. 519, 534 (App.Div.2021). This decision was later affirmed by the New Jersey Supreme Court. *Dobco v. Bergen County Impr. Auth.*, 250 N.J. 396 (2022). Dobco was thus left with no choice but to dismiss its claims against the UCIA and County in the Union Action as it was similarly estopped from bringing such claims. *See Dobco*, 468 N.J.Super. at 519; *see also Autotote, Ltd. v. New Jersey Sports & Exposition Authority*, 85 N.J. 363, 369 (1981). Thus begins the flaws with Dobco's claims herein.

Dobco first alleges a violation of its civil rights under §1983 based on retaliation for its exercise of petition. For a §1983 claim to prevail, a plaintiff must establish: (1) that the conduct complained of was committed by a person acting under the color of State law; (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (3) that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Adickes v. S.H. kress and Co.*, 398 U.S. 144(1970); *Shaw by Strain v. Strackhouse*, 920 F.2d. 1135, 1142 (3d Cir. 1990). The court's first task is to "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Tuttle*, *supra*, 471 U.S. at 816 (citing *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

While the petition clause protects the right of an individual to appeal to courts, that right is not unfettered. *Borough of Duryea, Pa v. Guarnieri*¸564 U.S. 379, 387 (2011). The Supreme Court has repeatedly recognized that "the Petition Clause does not protect objectively baseless litigation that seeks to interfere directly with the business relationships of a competitor." *Guarnieri*, *supra* 564 U.S. at 390; *see also Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983). Dobco was estopped from proceeding in the Union Action and the Bergen Action because its very participation in the bidding process removed its ability to challenge the process itself especially when unsuccessful. Based on the decisions of the New Jersey Appellate Division and New Jersey Supreme Court, Dobco never had the right to pursue claims against the UCIA and County in the first place. They cannot now claim that their prior suits are cloaked under the protections of the petition clause.

For similar reasons, Dobco cannot establish a cognizable retaliation claim. Notwithstanding the fact that Dobco did not engage in constitutionally protected conduct in the Union Action, Dobco also cannot satisfy the "public concern" requirement for a retaliation claim under §1983. *See Guarnieri*, *supra*, 564 U.S. at 387. Dobco's own claims in the Union Action were based on Dobco's private interest. Likewise, Dobco's allegations of retaliatory conduct are fleeting because they are not founded on anything other than alleged breach of contract claims against the UCIA. They aver that the UCIA has delayed the administration of claims and baselessly denied disputes or other claims arising under the contract. These are insufficient to demonstrate "retaliatory conduct sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Emigh v. Steffe*, 442 Fed.Appx. 660, 664 (3d Cir. 2011). The retaliation

claims also lack causality. The claims against the UCIA arise from the contract and Dobco's "petition" was three years prior – with a contract awarded in between.

Dobco's claims also fail to establish liability against the UCIA under *Monell v. Dept. of Soc. Servs. of the City of New York,* 436 U.S. 658, 690 (1978) (holding that governing bodies may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Dobco's Complaint fails to demonstrate any policy, custom, or practice of the UCIA to demonstrate liability. In fact, all of Dobco's claims relate solely to the Contract between Dobco and the UCIA. While a government policy is established by a "decision maker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Allen v. Dist. Attorney's Office of Phila.*, 644 F.Supp.2d. 600, 611 (E.D.Pa.2009). There are no claims to demonstrate that any of the allegations stretch beyond disagreements with the parties.

Similarly, Dobco's civil conspiracy claim must fail. Dobco does not sufficiently allege any agreement between the parties to deprive Dobco of its constitutional rights. Dobco has not even sufficiently alleged a constitutional right that it was deprived of. *See Plouffe v. Cevallos*, 777 F.App'x 594, 601 (3d Cir. 2019) ("absent any underlying constitutional violation, there [can] be no 1983 conspiracy liability").

As a matter of law, Dobco's claims must also fail because Dobco has failed to exhaust its administrative remedies pursuant to the terms of the Contract with the UCIA. Specifically, the Contract requires that claims under the Contract must be submitted through a two-step process: (1) Step One: Review by the Authority; (2) Step Two: Non-binding Mediation. Completion of the two (2) steps of Claims review is mandatory prerequisite to the initiation of litigation by either party. Dobco has filed this suit in an apparent attempt to subvert this process and divorce itself from the Contract it agreed to. Dobco's allegations all speak to contractual disputes, which require resolution under the claims procedure set forth in the Contract prior to any lawsuit.

To that end, the Contract provides a forum selection clause that requires lawsuits under the terms of the Contract to be filed in a state court in the State of New Jersey. As these claims are all borne from the Contract and require interpretation of the Contract, they are brought *under* the Contract and thus may only be filed, after the claims procedure, in a state court in the State of New Jersey.

For these reasons, the UCIA Defendants submit that Dobco's claim should be dismissed. We respectfully request a pre-motion conference so that the UCIA Defendants may obtain leave of court to file their motion to dismiss.

Respectfully submitted,

/s/ *Matthew R. Tavares*
Matthew R. Tavares, Esq.

Cc:    All counsel of record via CM/ECF

383811v1