**HOAGLAND LONGO**
**MORAN, DUNST & DOUKAS, LLP**
**ATTORNEYS at LAW**

40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08901
Tel: (732) 545-4717  Fax: (732) 545-4579
www.hoaglandlongo.com

Joseph A. Petrillo
Partner
jpetrillo@hoaglandlongo.com

March 12, 2025

**VIA E-FILING**
Honorable Brian R. Martinotti, U.S.D.J.
United State District Court
Federal District Court of New Jersey
50 Walnut Street
Courtroom PO 01
Newark, New Jersey 08101

> Re:  **Dobco v. Union County v. DI Group**
> Our File No.:   6255012 - JP
> Civil Action No.:       2:25-cv-00754-BRM-JBC

To Judge Martinotti:

This office represents DI Group Architecture and Vincent Myers (herein after collectively referred to as "DIG"). Pursuant to Your Honor's procedures, DIG requests respectfully requests a pre-motion conference in advance of DIG's Motion to dismiss Plaintiff, Dobco Inc.'s ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint is legally deficient because it fails to set forth sufficient factual allegations to support a plausible claim for relief against these Defendants. Instead, the Complaint relies on conclusory allegations and legal conclusions.

Dobco asserts on claim against DIG in Count Two of Plaintiff's Complaint.  Count Two is for Conspiracy to Deprive Constitutional Rights against all Defendants under 42 U.S.C. § 1983. This claim falls on its face. Plaintiff has not alleged any facts demonstrating that DIG engaged in state action or conspired with state actors to violate Plaintiff's constitutional rights. Liability under §1983 is limited to persons acting under color of state law, and private individuals or entities may only be held liable if they conspired with or were significantly involved in governmental action. Plaintiff has failed to allege any such joint action or substantial entwinement between Defendants. The allegations against these DI Group Defendant consist of nothing more than legal conclusions disguised as factual assertions, which fail to meet the pleading standards.

Moreover, Plaintiff's conspiracy claim is similarly deficient. It is improper under §1983; perhaps, it was meant under §1985 or §1986. To sustain a claim under §1985, Plaintiff must allege (1) the existence of a conspiracy, (2) that the conspiracy was motivated by class-based, invidiously discriminatory animus, (3) that an act was committed in furtherance of the conspiracy, and (4) that

Plaintiff suffered injury as a result. The Complaint, however, lacks any factual allegations demonstrating a conspiratorial agreement or a discriminatory motive. Plaintiff does not identify any specific communications, meetings, or coordinated actions between DI Group Defendant and any alleged co-conspirators. Instead, the allegations amount to vague and conclusory assertions of wrongdoing, which are insufficient to support a plausible claim for relief. Courts have repeatedly held that a §1985 conspiracy claim requires more than speculative allegations of an unlawful agreement, it must contain specific facts showing a meeting of the minds and intentional misconduct. Plaintiff has failed to meet this burden as well.

Additionally, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to ripeness. The Complaint is based on speculative and contingent future events that may never occur. The ripeness doctrine, rooted in Article III's "case or controversy" requirement, prevents courts from adjudicating claims that are not yet fully developed or based on hypothetical injuries. In this case, Plaintiff's claims stem from an ongoing contractual relationship, and any alleged harm remains speculative. Courts have consistently dismissed claims as not ripe when they depend on uncertain future occurrences. Because Plaintiff's allegations fail to present a concrete and immediate controversy, this Court lacks subject matter jurisdiction, and the Complaint should be dismissed under Rule 12(b)(1).

For these reasons, Defendant, DIG seeks to dismiss the Complaint in its entirety. We note that other parties have submitted letters requesting a pre-motion conference and DIG reserves the right to join the legal arguments advanced therein. Should the Court hear and deny DIG's motion, DIG respectfully requests an extension of time to file an Answer. Given the legal deficiencies in Plaintiff's Complaint and the jurisdictional concerns, Defendants submit that a pre-motion conference would be beneficial to address these issues before proceeding. Accordingly, DIG respectfully request that the Court schedule a conference.

Respectfully submitted,

*Joseph Petrillo*

JOSEPH A. PETRILLO
MICHELLE KERRIGAN

cc: All Counsel via E-Filing


JP:kmer